
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOANG TUONG NGUYEN,

               Petitioner-Appellant,

    v.

ROSEMARY NDOH,

               Respondent-Appellee.

No. 17-15139

D.C. No. 3:13-cv-01963-JST

MEMORANDUM[*]

On Appeal from the Judgment of the
United States District Court for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted January 16, 2019
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and ADELMAN, District

Judge.[**]

    A California jury convicted petitioner-appellant Hoang Tuong Nguyen of

sexually assaulting his former girlfriend's daughter ("Jane"). After exhausting

state remedies, Nguyen sought habeas corpus relief in federal court, arguing that

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

his trial lawyer provided ineffective assistance of counsel. The district court denied relief. We affirm.

## I.

We review the district court's denial of Nguyen's habeas corpus petition de novo. *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 414 (2018). In order to obtain habeas relief, Nguyen must show that the state court's resolution of his constitutional claim was contrary to clearly established federal law as determined by the Supreme Court, involved an unreasonable application of such law, or was based on an unreasonable determination of the facts in light of the record before the state court. *Id.*; *see* 28 U.S.C. § 2254(d).

Nguyen alleges ineffective assistance of counsel, which requires him to show that his counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In considering an ineffective assistance claim in a habeas action, "we bear in mind that the 'standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" *Williams v. Filson*, 908 F.3d 546, 563 (9th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

## II.

The state court reasonably determined that trial counsel's failure to obtain an independent translation of Nguyen's interview with a police detective, conducted in Vietnamese, caused no prejudice. Nguyen argues that with an accurately translated and transcribed statement, counsel might have considered pursuing a fabrication defense. But even assuming that his counsel actually would have chosen a different strategy had she seen the correct translation, Nguyen does not demonstrate a reasonable probability that such a defense had a better chance of success than the misidentification defense counsel presented. Defense counsel extensively cross-examined Jane regarding her inability to recall certain details about the assaults (which occurred about ten years earlier), the other men around her family during the time of the assaults, and her failure to identify Nguyen from photos shown to her by the police. Nor does Nguyen explain why a jury would have been more favorably disposed to a defense that called Jane a liar rather than mistaken. Counsel was also able to put in front of the jury the theory that Jane's mother orchestrated Jane's identification of Nguyen as the molestor because she had "an axe to grind."

Nguyen further argues that his statement played a pivotal role at the trial, but most of the translation's discrepancies upon which he relies are minor, and the "correct" version he obtained on habeas review contains the same sorts of troubling

comments about Jane and her sexual "curiosity" noted by the prosecutor during his closing argument. The prosecutor did quote Nguyen's statement—I don't think she made it up"—which should have been translated as "I think she made it up." However, this was a small part of the argument, and the jury had before it the transcript in which Nguyen immediately followed up this statement with a denial that he was the one who molested Jane.

Finally, Nguyen argues that the state court's denial resulted from an unreasonable determination of the facts, but he identifies no incorrect factual determinations made by the state court.

### III.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**